UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

EARTH ENERGY SYSTEMS, INC.,                                        No. 06-10402

Debtor(s).
_____/

Memorandum on Fee Application of Duane Morris LLP
_____

     The trustee's counsel in this Chapter 7 case, Duane Morris LLP ("DM"), filed a fee application seeking $25,362.50 in fees.  Despite conceding that the case was not successful and the results are "not pretty," there is no indication that DM exercised any billing discretion or reviewed its own time records with an eye toward making the case less of a disaster.  If DM's fee application is approved as filed, then all of the $33,279.80 in the case will be paid to professionals.

     Jawboning a law firm into presenting a bill in line with the results obtained is the primary responsibility of the trustee.  However, the trustee is often reluctant to challenge his or her own counsel's billing and it sometimes falls to the court to play the role of "client" in exercising its independent duty to review fees.  See *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D.Pa. 1989).  The court doubts that in non-bankruptcy cases DM routinely presents its clients with bills which eat up all the benefits of its work; the exercise of billing judgment is an essential part of attorney billing.  That sort of judgment is expected in bankruptcy cases as well. *Kenneth Leventhal & Co. v. Spurgeon Holding Corp.*, 152 B.R. 511, 515-16 (N.D.Ill.1993).

     In reviewing DM's application with the poor results in mind, the court is struck by how little expertise

1

the application reflects.  If anything more than a rudimentary understanding of accounts receivable was required, the court does not see it.  Moreover, some $9,000.00 is sought for "miscellaneous matters" with little explanation as to exactly what was entailed.  While these concerns would be minimal if the case returned a decent dividend to creditors, they require close scrutiny when the case is a disaster.  Under these circumstances, DM has not met its burden to show that its fees are justified.

For the foregoing reasons, the court will award DM the sum of $17,500.00 in fees in addition to its costs of $304.31, unless DM seeks a further hearing to justify its application.  In the absence of such a request, the order for compensation submitted by the trustee shall reflect the amounts awarded herein.

Dated:  June 5, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

2